IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| COURTNEY HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07 C 2794 |
| | ) | |
| CITY OF CHICAGO, CHICAGO POLICE OFFICERS NENAD MARKOVICH, DERRICK DENTON and PATRICK JAYCOX, CHICAGO POLICE SUPERVISORS FABIAN SALDANA and EVERETT JOHNSON, and UNKNOWN CHICAGO POLICE OFFICERS, | ) | Judge Norgle<br>Magistrate Judge Mason |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT**

Plaintiff, COURTNEY HARRIS, through her attorneys, LOEVY & LOEVY, complains of Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICERS NENAD MARKOVICH, DERRICK DENTON and EVERETT JOHNSON (hereafter, "the Defendant Officers"), CHICAGO POLICE SUPERVISORS FABIAN SALDANA and EVERETT JOHNSON (hereafter, the "the Defendant Supervisors"), and UNKNOWN CHICAGO POLICE OFFICERS, as follows:

## Introduction

1. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

## Jurisdiction and Venue

2. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper as Plaintiff resides in this judicial district and Defendant City of Chicago is a municipal corporation located here. Further, the events giving rise to the claims asserted here all occurred within this district.

**Background**

4. Plaintiff, Courtney Harris, is a 27-year-old resident of Chicago. Ms. Harris is employed as a driver for Vision One Transportation, where she provides transportation for elderly and disabled passengers.

5. On or about March 13, 2007, Ms. Harris' boyfriend was arrested and detained by members of the Chicago Police Department. Ms. Harris' car, which her boyfriend was driving at the time of his arrest (when Ms. Harris was at work), was also impounded by the police.

6. While Ms. Harris' boyfriend was being detained, Defendant Markovich informed Ms. Harris that her boyfriend and automobile would be released only if she planted a gun at a home where drug sales were suspected of occurring.

7. Over the course of the next few days, Ms. Harris had multiple phone conversations with Defendant Markovich and at least one other Defendant Officer.

8. Specifically, Ms. Harris discussed the plan and informed Defendant Officers that she had obtained and planted a gun at the agreed-upon location as directed by Markovich.

9. The Defendant Officers used this information, as well as a name of a resident there also supplied by Ms. Harris, in order to obtain a search warrant for the location. However, to obtain the warrant the Defendant Officers gave false information to the approving judge. The Defendants falsely reported to the judge that a "John Doe" - Courtney Harris' boyfriend - had told them that he had seen the gun in the house. They did not tell the judge that, in fact, Courtney Harris had planted the gun at the home at Defendants' request.

10. The Defendant Officers searched the home and recovered the gun that Ms. Harris has placed there. The officers did not arrest anyone for possession of the gun.

11. Although Ms. Harris complied with the Defendant Officers' commands, it was clear that she had been coerced into committing illegal acts.

12. Specifically, her boyfriend was not released, and in order for her to get her car back, Ms. Harris was required to wait two days, pay $1190, and sign an agreement that her car could be taken by the City of Chicago at any point if anyone riding within it was arrested on drug charges in the future. All administrative proceedings against her with respect to the impoundment of her car were dismissed.

13. Ms. Harris then filed a complaint against Defendant Markovich with the Chicago Police Department, and the Internal Affairs Division opened an investigation.

14. Internal Affairs completed their investigation in March 2008, and found that Defendant Officers Markovich, Jaycox and Denton committed numerous acts of misconduct, including providing false information for a warrant, bringing discredit on the police department, and lying to the Internal Affairs Department.

15. As a result of these findings, the head of Internal Affairs recommended that all three Defendant Officers be fired.

16. Before Defendant Markovich violated Ms. Harris's rights, he had amassed over 50 civilian complaints against him, in just a five-year period, alleging various acts of misconduct.

17. Defendant Supervisors Fabian Saldana and Everett Johnson were Defendant Markovich's supervisors during periods in which he amassed large numbers of civilian complaints.

18. Defendant Supervisors Saldana and Johnson had knowledge of Defendant Markovich's repeated abuse of police power for some time before the March 13, 2007 incident.

19. Despite their knowledge of Defendant Markovich's pattern of misconduct, Defendant Supervisors Saldana and Johnson failed to take supervisory action to stop Defendant Markovich from repeating his acts of misconduct. As a result of their failure to properly supervise him, Defendant Markovich's acts of misconduct continued unabated, including his treatment of Plaintiff.

**Count I - 42 U.S.C. § 1983**

**Substantive Due Process**

20. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

21. By all of the above, the Defendant Officers violated Plaintiff's constitutional right to substantive Due Process under the Fifth and Fourteenth Amendments of the Constitution, such that the misconduct shocked the conscience. This deprivation was effectuated under color of law.

22. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

23. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses

such as those affecting Plaintiff; specifically, Chicago Police Officers accused of misconduct can be confident that OPS will not investigate those accusations in earnest and will refuse to recommend discipline even where the Officer has engaged in it;

        c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

        d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

        e. The City of Chicago has failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

24. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

25. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their

employment and under color of law such that their employer, CITY OF CHICAGO, is liable for their actions.

**Count II -- 42 U.S.C. § 1983**

**Due Process - State Created Danger**

26. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

27. As a result of the events described above, a relationship existed between Plaintiff and the Defendant Officers.

28. The Defendant Officers used their authority to create, or substantially contribute to the creation of, a danger to Plaintiff, thereby making Plaintiff more vulnerable to danger than she otherwise would have been.

29. The harm caused to Plaintiff was a foreseeable and fairly direct result of the Defendant Officers' actions.

30. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's safety and constitutional rights.

31. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

32. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

33. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

34. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, CITY OF CHICAGO, is liable for their actions.

**Count III -- 42 U.S.C. § 1983**

**Equal Protection**

35. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

36. As described more fully above, the Defendant Officers denied Plaintiff Equal Protection of the law in violation of her Constitutional rights.

37. The Defendant Officers treated Plaintiff differently than other similarly-situated individuals on the basis of her membership in a particular class.

38. The Defendant Officers also victimized Plaintiff on the basis of her race, African-American. Such victimization was motivated by racial animus and discriminatory purpose, and was not rationally related to any governmental interest.

39. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

40. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

41. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, CITY OF CHICAGO, is liable for their actions.

**Count IV -- 42 U.S.C. § 1983**

**Unreasonable Seizure**

42. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

43. In demanding that Plaintiff take certain actions, the Defendant Officers conducted an unconstitutional seizure of Plaintiff in violation of the Fourth Amendment.

44. The Defendant Officers' conduct was such that a reasonable person in Plaintiff's position would not have believed that she was free to refrain from taking all actions necessary to comply with their demands.

45. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

46. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

47. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

48. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

49. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, CITY OF CHICAGO, is liable for their actions.

**Count V – 42 U.S.C. § 1983**

**Failure to Intervene**

50. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

51. One or more of the Defendant Officers had a reasonable opportunity to prevent the other Defendant Officers from violating Plaintiff's constitutional rights in the manner described herein had they been so inclined, but they failed to do so.

52. The misconduct described in this Count was objectively unreasonable and undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

53. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

54. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

55. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, CITY OF CHICAGO, is liable for their actions.

**COUNT VI – 42 U.S.C. § 1983**

**Supervisor Liability**

56. Defendants Supervisors Saldana and Johnson knew that Defendant Markovich had a practice of engaging in misconduct against civilians in a manner similar to that described above;

57. The Defendant Supervisors both condoned and purposefully ignored Defendant Markovich's conduct, and thereby approved of it, including the violations of Plaintiff's rights.

58. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

59. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

60. The misconduct described in this Count was undertaken by the Defendant Supervisors within the scope of their employment and under color of law such that their employer, CITY OF CHICAGO, is liable for their actions.

**COUNT VII - State Law Claim**

**Intentional Infliction of Emotional Distress**

61. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

62. As described more fully in the preceding paragraphs, the Defendant Officers engaged in extreme and outrageous conduct with respect to Plaintiff, including but not limited to commanding Plaintiff to commit illegal acts and put herself in grave physical danger.

63. This misconduct described in this Count was rooted in an abuse of power or authority.

64. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

65. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

**COUNT VIII -- State Law Claim**

**False Imprisonment**

66. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

67. Plaintiff was unlawfully restrained by the Defendant Officers, despite their knowledge that there was no probable cause for doing so.

68. The Defendant Officers unlawfully restrained Plaintiff by demanding that she comply with their instructions.

In this manner, Plaintiff's freedom of movement was unduly and unlawfully restricted.

69. The actions of the Defendant Officers set forth above were undertaken intentionally, with malice and reckless indifference to the rights of others.

70. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

**Count IX -- State Law Claim**

**Respondeat Superior**

71. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

72. In committing the acts alleged in the preceding paragraphs, the Defendant Officers and Supervisors were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

73. Defendant City of Chicago is liable as principal for all torts committed by its agents.

**Count X -- State Law Claim**

**Indemnification**

74. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

75. Illinois law provides that public entities must pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

76. The Defendant Officers and Supervisors are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, COURTNEY HARRIS, respectfully requests that this Court enter judgment in their favor and against Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICERS NENAD MARKOVICH, DERRICK DENTON, EVERETT JOHNSON, CHICAGO POLICE SUPERVISORS FABIAN SALDANA and EVERETT JOHNSON, and UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendant Officers and Supervisors in their individual capacities, as well as any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff COURTNEY HARRIS hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Samantha Liskow
LOEVY & LOEVY
312 North May St
Suite 100
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

I, Samantha Liskow, an attorney, certify that on March 7, 2008, I served this document by ECF electronic filing as to each party, who are represented by counsel who use electronic filing.

/s/ Samantha Liskow